Filed 7/11/22  P. v. Young CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B313979 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PA094571) |
| v. | |
| JOHN YOUNG, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Hayden A. Zacky, Judge. Affirmed.

Michael C. Sampson, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Respondent.

————————————————

John Young pled no contest to resisting an executive officer in the performance of his duties and was sentenced to four years in state prison. His appointed attorney filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436, in which no issues were raised. We affirm.

On April 27, 2020, Young threatened a housekeeper at the Willows Motel with whom he had had previous altercations. The police were called and Young was arrested. He posted bail and returned to the Willows Motel the next day. Young was arrested again for stalking and he was transported to the Van Nuys Jail. While there, Young fought with Officer Steven Beumer and caused Beumer to suffer a small cut on his right hand and a fractured bone in his left wrist.

Young was charged with making criminal threats (Pen. Code, § 422, subd. (a))[1] and resisting an executive officer in the performance of his duties (§ 69). It was alleged Young suffered two prior serious felonies convictions pursuant to sections 667 and 1170.12.

Young initially represented himself in the criminal proceedings, including during the preliminary hearing. He filed multiple motions, including a motion regarding destruction of evidence pursuant to *California v. Trombetta* (1984) 467 U.S. 479 and *Arizona v. Youngblood* (1988) 488 U.S. 51, a motion to dismiss, and a motion for change of venue. These were heard and denied.

Young's status as a self-represented litigant was revoked after several outbursts in the trial court during which he used

---

[1] Further unspecified statutory references are to the Penal Code.

2

foul language and called the judge a "cracker bitch." The court also detailed Young's disruptive and destructive behavior in the jail. Young challenged the revocation of his status as a self-represented litigant in a petition for writ of mandate to this court, which we denied for failure to provide an adequate record for review. (*Young v. Superior Court* (Oct. 30, 2020, B308149) [nonpub. order].)

After a number of attempts to reach a plea agreement, Young pled no contest and was sentenced as described.[2] Young appealed.[3]

We appointed counsel, who filed a brief pursuant to *Wende, supra*, 25 Cal.3d 436. Young was advised by letters from his counsel and this court that a *Wende* brief had been filed and that he had 30 days to submit a brief raising any issues he wanted us to consider. Young requested, and received, a 61-day extension to file his supplemental brief but he did not file a timely brief.

We have examined the entire record and are satisfied that Young's attorney fully complied with his responsibilities and that no arguable issues exist. (*Smith v. Robbins* (2000) 528 U.S. 259; *Wende, supra*, 25 Cal.3d 436.)

---

[2] At the same hearing, Young also pled no contest in a separate case that alleged he damaged jail property in excess of $950 in violation of section 4600, subdivision (a).

[3] Because Young had pled no contest, he sought a certificate of probable cause from the trial court. (§ 1237.5.) The trial court denied the request, Young sought a writ of mandate in this court, we issued the alternative writ, and the trial court issued the certificate of probable cause. (*Young v. Superior Court* (Sept. 30, 202, B314836) [nonpub. order].)

## DISPOSITION

The judgment is affirmed.


RUBIN, P. J.

WE CONCUR:


BAKER, J.


MOOR, J.